UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SONYA CONSTANCE DOWDY,
            *Plaintiff-Appellant,*

v.

STATE OF NORTH CAROLINA; STATE OF
NORTH CAROLINA DEPARTMENT OF
CORRECTION, Department of Adult
Probation and Parole,
            *Defendants-Appellees.*

and

GEORGE J. MCCLEASE, JR.,
            *Defendant.*

No. 01-1706

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-96-37-2-BO)

Submitted: October 17, 2001

Decided: November 13, 2001

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Branch Washington Vincent, III, THE TWIFORD LAW FIRM,
L.L.P., Manteo, North Carolina, for Appellant. Roy Cooper, Attorney

General, Neil Dalton, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Sonya Constance Dowdy filed a complaint against her former employer, the North Carolina Department of Correction ("NCDOC"), and her supervisor, George J. McClease, alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, as amended, based upon McClease's improper sexual advances and physical contact.* The district court denied relief, and, on appeal, we reversed and remanded for the court to consider Dowdy's claims in light of the Supreme Court's decisions in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). On remand, the district court granted summary judgment in NCDOC's favor, finding that NCDOC established the affirmative defense to vicarious liability for McClease's actions. Dowdy appeals, and we affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with

---

*McClease entered into a consent judgment with Dowdy, and he is not a party to this appeal.

specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Dowdy argues on appeal that she substantially complied with her obligation to report the harassment because she told a supervisor, John Morgan, about it. However, Morgan was a supervisor outside of Dowdy's and McClease's chain of command and, thus, was not one of the avenues through which the policy provided Dowdy should report the harassment. Dowdy had a copy of NCDOC's policy available to her at her office and had attended a six-hour sexual harassment training course in April 1992, before the incidents with McClease occurred. "[P]roof that a plaintiff employee failed to follow a complaint procedure will normally suffice to satisfy the employer's burden under the second element of the defense." *Brown v. Perry*, 184 F.3d 388, 395 (4th Cir. 1999) (internal quotation marks and citation omitted). Although Dowdy asserts that she feared retaliation, "[a] generalized fear of retaliation does not excuse a failure to report sexual harassment." *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262, 267 (4th Cir. 2001). We therefore agree with the district court that Dowdy unreasonably failed to avail herself of the preventative or corrective opportunities provided by NCDOC or to otherwise avoid harm. *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765.

Next, Dowdy challenges the district court's finding that NCDOC used reasonable care to prevent and correct McClease's behavior. Because NCDOC did not verify that McClease received training on the sexual harassment policy, Dowdy assumes that McClease received no training. Dowdy concludes, therefore, that NCDOC's failure to train McClease was unreasonable. We have held, however, that "[d]istribution of an anti-harassment policy provides compelling proof that the company exercised reasonable care in preventing and promptly correcting sexual harassment." *Barrett*, 240 F.3d at 266 (internal quotation marks and citation omitted) (rejecting argument that employer "never did anything more than distribute its anti-harassment policy" as "incompatible with the law of this circuit").

Dowdy also asserts that NCDOC's policy was not proven and effective because she reported the harassment to Morgan, a Chief Probation Officer like McClease, and Morgan did not inform NCDOC. Although the district court did not explicitly address this argument in its opinions, we do not find it persuasive. Morgan had no authority over McClease to take corrective action, and the record contains no evidence concerning the specificity of Dowdy's report to Morgan. Without more, Dowdy did not forecast evidence sufficient to establish that NCDOC's sexual harassment policy was not effective. *See Anderson*, 477 U.S. at 250 (stating that mere existence of "scintilla of evidence" in support of plaintiff's position will be insufficient to defeat summary judgment).

We therefore agree with the district court that NCDOC's policy was proven and effective because the policy provided NCDOC's employees with many avenues through which to report harassment and NCDOC promptly investigated the complaints against McClease. "[W]here, as here, there is no evidence that [NCDOC] adopted or administered [its] anti-harassment policy in bad faith or that the policy was otherwise defective or dysfunctional," *Brown*, 184 F.3d at 396, we find that NCDOC exercised reasonable care to prevent and promptly correct any harassing behavior. *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765.

Because NCDOC established each element of the affirmative defense in *Faragher* and *Ellerth*, we hold that the district court did not err in finding that NCDOC was not vicariously liable for McClease's actions. We therefore affirm the district court's grant of summary judgment. *Dowdy v. North Carolina*, No. CA-96-37-2-BO (E.D.N.C. Feb. 22 & Apr. 19, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*