**Vicky T. BENNETT, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**No. 5:10–CV–493–BO.**

United States District Court,
E.D. North Carolina,
Western Division.

Dec. 5, 2012.

**697**

Ayesha T. Washington, The Washington Law Firm, LLC, James D. Gandy, III, Julie L. Moore, William M. McLeod, Pierce Herns Sloan & McLeod, W. Mullins McLeod, Jr., McLeod Law Group, LLC, Charleston, SC, Carter T. Lambeth, Johnson Lambeth & Brown, Wilmington, NC, Robert H. Sasser, III, Sasser Fields LLP, Raleigh, NC, for Plaintiff.

John C. Millberg, Meredith E. Woods, Millberg Gordon and Stewart, Raleigh, NC, Scott S. Cairns, McGuireWoods LLP, Jacksonville, FL, for Defendant.

*ORDER*

TERRENCE W. BOYLE, District Judge.

This cause comes before the Court on defendant's renewed motion for judgment as a matter of law, or in the alternative for new trial and/or to amend judgment. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is denied.

*BACKGROUND*

After a jury trial on the merits[1] held in Elizabeth City, North Carolina, plaintiff Vicky Bennett prevailed on her hostile work environment claim under Title VII of the Civil Rights Act of 1964. By its verdict of June 22, 2012 [DE 195], the jury awarded Ms. Bennett $150,000 in compensatory damages. The Court subsequently entered judgment for plaintiff awarding back and front pay [DE 208, 209]. Defendant now moves pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law, and in the alternative pursuant to Rule 59 of the Federal Rules of Civil Procedure for a new trial. Defendant further seeks in the alternative that the Court alter or amend its judgment pursuant to Rules 52(b) or 59 of the Federal Rules of Civil Procedure.

*DISCUSSION*

I. *Renewed Motion for Judgment as a Matter of Law*

Rule 50 of the Federal Rules of Civil Procedure provides that a party who has moved for judgment as a matter of law

1. Having provided a thorough recitation of the factual background of this matter in its order denying defendant's motion for summary judgment [DE 147], the Court incorporates such recitation by reference only insofar as it would serve to provide a general factual background for the Court's conclusions herein. In ruling on the instant motion the Court relies on the evidence presented at trial as well as the arguments presented in the related memoranda.

at trial may within twenty-eight days of the entry of judgment renew such motion. In deciding a Rule 50 motion for judgment as a matter of law after trial, the Court is constrained to determine whether, without weighing the evidence or considering the credibility of the witnesses, substantial evidence supports the jury's findings. *Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir.1999). After drawing all inferences and viewing the evidence in the light most favorable to the non-moving party, the Court may grant a Rule 50 motion only if it "determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir.2002) (quotation omitted).

Defendant argues that it is entitled to judgment as a matter of law, contending that plaintiff failed make a prima facie showing on her hostile work environment claim and that, even if she did, defendant established the *Faragher* defense and thus is entitled to avoid liability. After viewing the evidence and drawing all inferences in the light most favorable to plaintiff, however, the Court disagrees.

██ In order to establish a prima facie claim under the hostile work environment framework, plaintiff must show (1) that she suffered unwelcome harassment (2) based on a protected status such as race or gender (3) that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere and was (4) imputable to the employer. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 313–14 (4th Cir.2008). When viewed in light of the applicable standard, plaintiff's evidence at trial was sufficient to establish each element of her claim. While a jury's verdict may not rest on mere speculation, *Gibson v. Old Town Trolley Tours of Wash., D.C., Inc.*, 160 F.3d 177, 181–82 (4th Cir.1998), plaintiff's evidence

at trial was sufficient to raise the basis for the jury's verdict well-above mere speculation. Plaintiff presented ample circumstantial evidence that members of defendant's management vandalized her vehicle and subjected her to a hostile work environment. While plaintiff did not present any direct evidence that Mr. Gilbert or Mr. Howze vandalized her car, circumstantial evidence is often utilized in cases involving discrimination, and may in such circumstances be more persuasive than direct evidence. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

Plaintiff further presented sufficient evidence that the harassment she withstood was both severe and pervasive. Plaintiff proffered evidence that, *inter alia*, she was one of only two African American women in her place of employment, that she received negative performance assessments where employees of a different race and gender had not, that her car was vandalized with a message to stay of the railroad and a racial slur, and that a mannequin head with a noose around its neck was placed in the backseat of her car. While defendant has cited to other cases in which courts have found the use of racial slurs and other offensive conduct insufficient to establish that harassment was severe and pervasive, the Court agrees with plaintiff that each case cited is factually distinguishable from the instant matter [DE 216 at 9–11]. *See e.g. McNeal v. Montgomery Cnty Md.*, 307 Fed.Appx. 766, 776 (4th Cir.2009) (unpublished) (plaintiff failed to establish harassment was severe and pervasive where unclear that offensive comments were directed at plaintiff or that plaintiff knew about them). Here, however, plaintiff's evidence established that she was the victim of physically threatening and humiliating harassment that unreasonably interfered with her ability to perform her duties for defendant. *Harris v. Fork-*

*lift Sys., Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). At bottom, "the question on a motion for judgment as a matter of law is thus not whether the plaintiff previously satisfied some loose proxy, but rather whether the trial record evinces a 'legally sufficient evidentiary basis for a reasonable jury' to have reached its verdict." *Gibson,* 160 F.3d at 181. The Court finds that it does.

▪▪▪ Defendant next contends that judgment as a matter of law in its favor is appropriate on its affirmative defense. An employer may avoid vicarious liability for a hostile work environment when it took no tangible employment action against the victim if the employer can show both that (1) it exercised reasonable care to prevent and correct promptly any harassing behavior and (2) that the victim-employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Defendant contends that it "overwhelmingly proved" that it exercised reasonable care to prevent and promptly correct any harassing behavior and that it need not have established the second element of the defense.

The Court cannot find, when viewing the evidence in the light most favorable to plaintiff, that defendant "overwhelmingly" established the first element of the its *Faragher* defense. "The mere existence of an anti-harassment policy does not allow [an employer] to escape liability," rather "the policy must be effective in order to have meaningful value." *Sunbelt Rentals,* 521 F.3d at 320. While defendant presented evidence of its policy and policy implementation, plaintiff presented evidence of the limited nature of ethics training provided to employees. Moreover, though defendant contends that it overwhelmingly proved that it promptly responded and worked to correct any harassment; plaintiff presented evidence that, *inter alia,* no one contacted plaintiff to inform her that her vehicle had been vandalized once it was discovered, defendant's investigation of the vandalism lasted only two days, and defendant failed to implement training recommendations related to the vandalism recommended by its own human resources department. When it views the evidence presented in the light most favorable to plaintiff, the Court sees no basis upon which to disturb the jury's conclusion that defendant failed to meet its burden. Because the Court has found that defendant did not overwhelmingly establish the first element of its *Faragher* defense, it need to address whether defendant needed to have affirmatively established the second element.[2]

▪▪▪ "Only if there is 'such a complete absence of evidence supporting the verdict

---

2. The Court is not persuaded, however, by defendant's argument. While the panel in *Watkins,* in a footnote, expressed doubt that failure to comply with the literal terms of the second *Faragher* element would be fatal to an employer who had substantially complied with the first, the court ultimately held that the defendant-employer *had* satisfied the second element of its defense. *Watkins v. Prof. Sec. Bureau, Ltd.,* 201 F.3d 439, n. 16 (4th Cir.1999) (unpublished table decision). Absent more persuasive authority, this Court maintains that in order to establish its *Far-*

*agher* defense, defendant must affirmatively establish each element. *See e.g. Jordan v. Alt. Res. Corp.,* 458 F.3d 332, 343 (4th Cir.2006) (employee who waits too long to take advantage of anti-harassment policy is prevented from overcoming employer's affirmative *Faragher* defense, implying that employer would need, and in *Jordan* would be able, to show second element of the defense); *Dowdy v. North Carolina,* 23 Fed.Appx. 121, 124 (4th Cir.2001) (affirming entry of summary judgment where defendant had established *each element* of its affirmative defense).

that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party]' may the court properly grant [a Rule 50(b)] motion." *LeBlanc–Sternberg v. Fletcher*, 67 F.3d ·412, 429 (2d Cir.1995) (citation omitted, alteration in original). The Court has considered defendant's arguments and the evidence presented at trial, and upon due consideration cannot conclude that there was no legally sufficient basis to support the jury's verdict in this matter. *Gibson*, 160 F.3d at 181. For this reason the Court must deny defendant's motion for judgment as a matter of law.

## II.  *Motion for a New Trial*

■■■ Rule 59(a) of the Federal· Rules of Civil Procedure provides that a court may grant a new trial on some or all of the issues following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1).  A court must grant a motion for new trial even if the jury's verdict is supported by substantial evidence if, after weighing the evidence and considering the credibility of the witnesses, it finds the verdict to be against the clear weight of the evidence, based on false evidence, or that it will result in a miscarriage of justice. *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1237 (4th Cir.1995) (quoting *Poynter by Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir.1989)). The decision of whether to grant a motion for new trial is committed to this Court's broad discretion. *Id.* (citing *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir.1985)).

■■■ Defendant contends that the Court committed evidentiary and other errors that necessitate a new trial. First, the Court properly limited the scope of the evidence presented at trial to plaintiff's employment discrimination claims that were the subject of the trial, and prohibited both plaintiff and defendant from offering evidence that was not relevant to the facts at issue. Defendant's renewed argument that evidence involving earlier incidents of vandalism, including the theft of plaintiff's car and fires at her home and business, does not persuade the Court that such evidence is relevant to plaintiff's claim or that, if determined to be relevant, the probative value of such evidence would not be substantially outweighed by the danger of confusion of the issues or misleading the jury. Fed.R.Evid. 401, 403. Nor is such evidence admissible under Rule 608 of the rules of evidence, which provides that a court may admit specific instances of the conduct of a witness for the purpose of attacking the witness' character for truthfulness. Fed.R.Evid. 608(b).  As discussed above, the Court determined that the probative value of such evidence was outweighed by its potential for prejudice and, in its discretion, excluded it. *See United States v. Johnson*, 219 F.3d 349, 357 (4th Cir.2000) (refusal to allow questioning regarding other crimes because the court found "that such questioning would only confuse the jury on a tangential matter" not an abuse of the court's discretion).  Defendant has not presented an argument in its motion that would cause the Court to reconsider its ruling, or to find that the exclusion of such evidence would form a basis upon which to permit a new trial.[3]

---

**3.** As the Court .properly determined that evidence related to the two fires, acts unrelated to plaintiff's employment discrimination claims, was not admissible, the testimony of

defendant's arson investigation expert was unnecessary. Moreover, though defendant contends that its expert would have testified

■ Nor is the Court persuaded that it erred in admitting the testimony of plaintiff's expert witness, Dr. William Darity. Dr. Darity was admitted as an expert and allowed to express his opinion on the issue of workplace discrimination. Dr. Darity's admission as an expert and testimony were proper under Rules 403, 702, and 704 of the rules of evidence as relevant, specialized knowledge offered to help the trier of fact understand the evidence, and his testimony is "not objectionable just because it embrace[d] an ultimate issue" before the jury. Fed.R.Evid. 704.[4] Defendant's *Daubert* challenge to Dr. Darity's testimony also fails. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Social science has not been held to the same standard as the hard sciences when determining admissibility, *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1297 (8th Cir.1997), and defendant had an ample opportunity to "quibble with [Dr. Darity's] academic training" and other alleged shortcomings on cross-examination, the appropriate place for defendant to attack the weight and credibility of plaintiff's evidence. *McCullock v. H.B. Fuller, Co.*, 61 F.3d 1038, 1043 (2nd Cir. 1995); *see also Katt v. City of New York*, 151 F.Supp.2d 313, 356–8 (S.D.N.Y.2001) (declining to sustain *Daubert* challenge to social science testimony provided in sexual harassment trial in part because defendant's challenges to the evidence were

properly addressed during cross-examination).

■ Finally, the Court may examine a witness during trial, and any party who objects to the Court's examination may do so at the next time the jury is not present. Fed.R.Evid. 614(b)–(c). The Court notes that defendant did not object to its questioning of witnesses during the trial, *see United States v. Godwin*, 272 F.3d 659, 679 (4th Cir.2001) ("no reasonable application of [Rule 614(c) ] allows a defendant to first raise the issue in a post-trial motion for new trial"), and further finds that its questioning of witnesses in this matter was not overly involved. *See e.g. United States v. Head*, 697 F.2d 1200 (4th Cir.1982) (court interjected itself 2,400 times during four day trial, but no prejudice to defendant resulted). Defendant's motion for new trial is therefore denied on this ground as well.

Accordingly, after weighing the evidence and considering the credibility of the witnesses, the Court does not find that a new trial in this matter is justified for any of the reasons proffered by defendant, alone or cumulatively, and defendant's motion is therefore denied.

### III. *Motion to Alter or Amend*

■ A court may alter or amend its judgment upon demonstration by a movant of a need to do so. Fed.R.Civ.P. 59(e). The Fourth Circuit has identified three

---

that plaintiff was involved in the vandalism of her vehicle on defendant's property, such expert had also stated that there was no information that plaintiff was the arsonist who started the fires. Accordingly, the Court could have excluded the expert witness' testimony as based on mere speculation and not supported by the facts. *Anderson v. Nat'l R.R. Passenger Corp.*, 866 F.Supp. 937, 943 (E.D.Va.1994).

**4.** Even if Dr. Darity's opinion were to be deemed to have stated a legal conclusion as

opposed to merely having embraced an ultimate issue of fact, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir.2002) (discussing the often difficult task of distinguishing between the two types of testimony), and thus would be required to be excluded, the Court finds such an exclusion an insufficient basis upon which to order a new trial in this matter as the verdict would not be against the clear weight of the evidence, based on false evidence, nor would it result in a miscarriage of justice.

circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir.2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)). The decision to alter or amend a judgment is an extraordinary remedy, *Pac. Ins. Co.,* 148 F.3d at 403, and is committed to the discretion of the district court. *Bogart,* 396 F.3d at 555.

Defendant asks the Court to alter or amend its awards of front and back pay to plaintiff, arguing that she is not eligible for such remedies because she did not seek or receive a jury finding on constructive discharge and that, even if plaintiff is eligible for such awards, the Court erred when determining the amounts of front and back pay.

■ In regard to defendant's argument on the necessity of a finding of constructive discharge, "[i]n reviewing awards of back pay, the Fourth Circuit does not apply the 'constructive discharge rule' denying such pay to persons who leave an employer who has committed intentional discrimination unless it is under conditions of a constructive discharge." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 651 (4th Cir.2002) (citing *Spagnuolo v. Whirlpool Corporation,* 641 F.2d 1109, 1114 (4th Cir.1981)). The Fourth Circuit applies instead only "the general statutory duty located at 42 U.S.C. § 2000e–5(g) to mitigate employer damages." *Id.* As back pay is awarded to successful Title VII plaintiffs as a general rule, *Id.,* and in light of the foregoing standard, the Court properly awarded back pay to plaintiff even in the absence of a jury verdict on constructive discharge. Moreover, the Court has previously considered defendant's arguments related to plaintiff's failure to mitigate damages, inclusion of loss of personal services in the form of lost wages, and whether to award back pay for the time during which plaintiff's training class was furloughed when awarding back pay, and defendant has offered no basis upon which the Court might alter or amend its finding here. *See e.g. Dennis,* 290 F.3d at 651 ("back pay is awarded in furtherance of the objectives of Congress in enacting Title VII"); *Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 389 (4th Cir.2010) (benefit provided by a defendant should only be deducted from a back pay award if it "it results from payments made by the employer in order to indemnify itself against liability.").

■ The Court's award of front pay at full salary was also within its discretion, having considered the risk of a windfall to plaintiff as well as plaintiff's testimony regarding her intended length of employment with defendant. *See Loveless v. John's Ford, Inc.,* 232 Fed.Appx. 229, 238 (4th Cir.2007) (this circuit has not articulated a list of factors to consider when awarding front pay). Defendant having offered no persuasive argument that the Court's discretionary awards amounted to clear legal error or a manifest injustice, the Court denies its request for the extraordinary remedy of altering or amending the judgment in this matter.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's renewed motion for judgment as a matter of law, or in the alternative for new trial and/or to amend judgment [DE 214] is DENIED. For good cause shown, defendant's motion to correct the record [DE 219] is GRANTED.